Smith, J.
The facts in this case, briefly stated, are these: William Barrow, late of this county, died Oct. 31, 1894, seized in fee simple of the real estate in question. He left surviving him a widow and eight children, the issue of his marriage with her, and one child the issue of a former marriage. He left a last will and testament which was duly admitted to probate,and record in this county,December 12,1894,and by which he devised all of his estate, real and personal, to his wife, absolutely. Before the will was admitted to probate, viz: November 19, 1894, his widow was killed by a train of cars, and of course,she never made any election in the probate court to take the provision made for her by the will of her husband, as it was not probated until after her death.
It appeared that on the death of the husband, there was some dissatisfaction on the part of the children as to the terms of the will. It is shown that an oral agreement was entered into between the widow and her eight children, by which it was arranged that she was to convey to her said children, all of the real estate in question devised to her by the will of her husband, retaining and reserving therein a life estate to herself. And such a deed was prepared by the attorney of the parties, but was never executed by her, either on account of her sudden death, or for some other reason. At the time of the death of the husband, he and his wife were living in Sharon, and not on the land in *143 question. After his.death she removed to the farm, and was living there at the time of her death, andj?no|?objection to this was made by anyone. The evidence tends to show, that owing to the controversy which had'arisen in the family, the widow was hesitating whether she would take the provision made for her by the will of her husband, and a few days before her death, said to some one that she would take under the law.'
On the death of the widow, the plaintiff, the child of Barrow by his first marriage, filed this petition, averring that she and each of the' other eight children,were seized of the one equal ninth part of the real estate, and asking that partition of the same be made accordingly. All of the eight children of Wm. Barrow, with one exception, deny that the plaintiff has any interest in the land, and claim that the eight children of Mrs. Barrow own the same in fee. And this is the question submitted to this court. It is conceded that the will of William Barrow, gave to his widow his whole estate absolutely. Unless, therefore, the failure of the widowlto have the will probated during the“®time she survived her husband, and to elect to take the provision made for hereby the will, deprived her of the benefit of the devise so made to her, it is evident, that on her death intestate,"the whole of the estate, remaining after the payment of the debts of her husband, and her debts, would go to her children, and the plaintiff would have no interest whatever in this reaUestate. What then, is the effect of her death without having made the election in court, to take the provisions made^for her by the will?
Sec. 5963, Rev. Stats, in effect provides, that if any provision be made for a widow or widower in the will of the deceased consort, the probate court shall forthwith, after the probate of such will, issue a citation to such widow or widower, to appear and elect whether to take such provision, or to be endowed of the lands of the deceased consort, and *144 take the distributive share of the personal estate — '“but the widow or widower, shall not be entitled to both dower and the provisions of the will in her favor, unless it plainly appears by the will that the widow or widower, should have such provision in addition to the dower and such distributive share.” And sec. 5964 provides, that if the widow or widower shall fail to make such election, he or she shall retain the dower and such share of the personal estate of the deceased consott, as he or she would have been entitled to by law, in case the deceased consort had diedjintestate leaving children.
If any part of this estate had been given to any other person than the widow, or any limitation as to her interest therein made by the will, as for instance, if she was only to have it for life, or during her widowhood, it would seem from these provisions of the statute, as a general rule, that to entitle her to the provisions made for her by the will of her husband, an election made by her to take such provision is essential, at least where the will has been admitted to probate in her life time, and she is duly cited under sec. 5963,Rev.Stats. And that without such election,she is remitted to her statutory rights as widow of her husband. And it is clear,too,in such case,that the election must be made.by her personally, and can not be exercised for her after her death by her heirs or legal representatives,^though it may be entirely certain that the provision made for her by the will, was much greater in amount than what she would receive under the statute if she declined to take under the will. It is true that there may, in the absence of an election by her in court in the mode pointed out in the statute, be an election in fact, by acts done by her, which clearly show that she had decided to take the provisions made for her by the will, and had in some way carried this intention and purpose into effect; and particularly is this so where the other parties interested in the estate have knowledge of this, *145 and make no objection and act accordingly. Lessee of Thompson v. Hoop, 6 Ohio St., 481; Baxter v. Bowver, 19 Ohio St., 491; Stockton v. Wooley, 20 Ohio St., 184. In such case, to some extent at least, the doctrine of estoppel applies.
The evidence in this case as to an election in fact by this widow, is not of a very satisfactory character, either for or against it. Looking at the terms of the will itself, it would seem that if she looked alone to her pecuniary interest, she could not hesitate. The will gave to her the whole estate, real and personal, after the payment of the debts of the testator, absolutely. She had the full and undisputed right to dispose of it during her lifetime, or by will at her death. The devise to her including her dower, it was equivalent to a provision in addition to dower, and even if the land had been liable to sale for the debts of her husband, in the event of an election by her to take under the will, she'would have held the dower right free from the claims of creditors of the estate. Baxter v. Bowyer, supra. So that there was no room for choice as to what would be best for her to do in a pecuniary view. And yet the evidence tends to show, and perhaps does show, that shortly before her death, she expressed her intention of taking under the law, for what reason does not appear. On the other hand, the evidence shows, that after her husband’s death she removed to the land given to her by the will, and made a parol contract with her own children to convey the land to them in fee simple, reserving to herself a life estate therein. It is true that this deed was not executed though drawn up 'by the attorney of all the parties and submitted to them, and of course,the parol contract could not be enforced against her or her representatives, but is goes far to show her election in fact.
But the question most discussed in this case, is, whether where a husband, as in this case, gives the whole of his estate after the payment of his debts, absolutely to his widow, *146 and she dies, shortly thereafter, before the probate of the will, and without negligence on her part, (for the will had been promptly offered for probate, and continued for hearing), or even after the probate of the will and being cited, fails to elect within the year given tojher, she loses all the benefit of the provision made for her thereby, and is remitted to her statutory rights as his widow. The question is certainly one of great importance, and it must be conceded, that on the language of the statute, it is a doubtful one. If a husband or wife, relict of a deceased consort, under whose will he or she would be entitled to the whole of the estate, and which provision is of far more value than would be the right under the statute, is to lose the benefit of the testamentary provision made for her thereby, without any fault or negligence on his or her part, simply because the <?ill not being probated^before her death, she can not elect to take such provision; or after probate and citation she is prevented by some reason from doing so, great injustice may be done to her. It would seem, therefore, that the courts should not so hold unless it is manifest that such is the clear law.
It is clear, as before stated, that the courts of this state have made an exception to the general rule of the statute, that the election, to be valid, must be made in the probate court in the mode pointed out in the sections of the law which we have quoted. This is shown by the decisions already referred to. And the claim is made by the counsel for the defendant, that where everything has been given by the will to a widow or widower by the will of the deceased relict, that no election in court is necessary in such a case, and on failure to do so, that he or she takes the whole estate so devised, subject of course to the rights of creditors of the estate.
We know of no decision of the courts of any state under a statute similar to ours which holds- that such is the case. *147 The case of Baxter v. Bowyer, 19 Ohio St., 490, before cited, comes nearer tc it than .any we have seen. It was there hold in the 4th and 5th subdivisions of the syllabus:
“Where the provision in a will for the widow includes the dower, it is equivalent to a provision in addition to dower, and she holds the dower right free from the claims of creditors of the estate,” and “in such case, if the widow actually accepts the provision, and then dies without making her statutory election in court, and without being cited to appear in court for that purpose, she will be held to have taken under the will.”
In that case, the testator had devised all his estate to his wife for her life, and for her support during her life, with power of sale for the benefit of the estate, and on her death, what remained was to go to other parties named in the will. And in the statement of the case it is said:
“The testator’s wife survived him and took possession of the property, which consisted of some ten thousand dollars worth of real estate..and personal property to the amount of twenty-five hundred dollars. She possessed and used the entire property during her life, and died in less than one year after the death of her husband, without making any election in court to take unfler the will, and without being cited to appear in court -f.or that purpose.” .
Judge Welch in delivering the opinion of the majority of the.court, says:
“We are unanimous, however, in the opinion, that under the circumstances of' this case, the widow must beheld to take under the will,and that, therefore, the representatives are entitled to no part of the personal estate. The circumstances I allude to are these: 1st. The provision made for her by the will includes her dower, and is therefore tantamount to a provision in addition to dower, and entitles her to hold the dower interest freed from the claims of testator’s creditors. 2nd. She,in fact,accepted and en-' joyed the provision, though she never made the statutory election in court. 3rd. She was never cited to appear in, *148 court, and died within the time allowed for that purpose. What would be our holding as to the effect of the widow’s non-election in a case where either, or any of those circirumstances should be wanting, we do not at present undertake to say. ”
John Coffee, for Plaintiff.
Chas. J. Hunt, Von 8eggern,Phares & DeWald, contra.
We understand from this, that the effect of a non-elec tion in court, in a case like the present, where there was not an election in -fact, is not decided.
In a case like that before this court, where the fact of an election by conduct and acts, is, to say the least, not clearly shown, but where the provision made by the will was clearly in addition to her dower, and manifestly better than what the law would give her, we would greatly hesitate to hold that, even if the will had been probated in her life-time, and she duly cited, but by some casualty had been prevented from an election in court, she would be deprived of the provision made for her by the will, and be remitted to her rights as a widow, under the statute. But the case before us is much stronger in favor of the defendants than the one supposed. Here the will had not been probated at the time of her death. She had no opportunity to make her election, The will made a provision for ]per much greater than her share as a widow under the law would have been. The statute makes no provision that in such a case she shall simply take her statutory rights. The sections quoted, only pro-' vide for this in case the will is probated, and she is cited, and fails for one year to máke her election in court. As there is no provision that in case she dies before the probate of the will, that the effect should be the same, we think that it does not have such effect, but that the provision made for her by the will stands.
We hold therefore, that bn the death of Mrs. Barron intestate, she held the title to this land in fee, and that it descended to her eight children, and that the plaintiff has no interest therein.